UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEDRA DE LA ROSA,<br><br>                              Plaintiff,<br><br>-against-<br><br>42ND APPLE, LLC d/b/a APPLEBEE'S, DAVE & BUSTER'S OF NEW YORK, INC., and FC 42ND STREET ASSOCIATES, L.P.,<br><br>                              Defendants. | C.A. No. 13 Civ. 1036 (SAS) (SN)<br>ECF Case |

### DEFENDANT 42ND APPLE, LLC'S ANSWER

Defendant 42ND APPLE, LLC ("42nd Apple"), for its Answer to the Complaint, states as follows:

### Nature of the Claims

1.      Denies the allegations contained in Paragraph 1 of the Complaint.

2.      Denies the allegations contained in Paragraph 2 of the Complaint.

### Jurisdiction and Venue

3.      Avers that Paragraph 3 of the Complaint is comprised of legal conclusions for which no response is required.

4.      Avers that Paragraph 4 of the Complaint is comprised of legal conclusions for which no response is required.

### Parties

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except admits that 42nd Apple is licensed to do business in the State of New York.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except admits that 42nd Apple leases property located 234 West 42nd Street.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, except admits that 42nd Apple has a written agreement with respect to its lease of property located at 234 West 42nd Street.

**Allegations Common to All Causes of Action**

11. Avers that Paragraph 11 of the Complaint is comprised of legal conclusions for which no response is required.

12. Avers that Paragraph 12 of the Complaint is comprised of legal conclusions for which no response is required.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

2032288-1

## First Cause of Action
### (Conspiracy to Deprive Plaintiff of Civil Rights In Violation of 42 U.S.C. § 1985)

32. Restates its responses to the cross-referenced allegations.

33. Denies the allegations contained in Paragraph 33 of the Complaint.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Denies the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Denies the allegations contained in Paragraph 44 of the Complaint.

## Second Cause of Action
### (Violations of Americans With Disabilities Act)

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Avers that Paragraph 46 of the Complaint is comprised of legal conclusions for which no response is required.

47. Avers that Paragraph 47 of the Complaint is comprised of legal conclusions for which no response is required.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

2032288-1

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

52. Denies the allegations contained in Paragraph 52 of the Complaint.

53. Denies the allegations contained in Paragraph 53 of the Complaint.

54. Denies the allegations contained in Paragraph 54 of the Complaint.

55. Denies the allegations contained in Paragraph 55 of the Complaint.

56. Denies the allegations contained in Paragraph 56 of the Complaint.

57. Denies the allegations contained in Paragraph 57 of the Complaint.

58. Avers that Paragraph 58 of the Complaint is comprised of legal conclusions for which no response is required.

59. Denies the allegations contained in Paragraph 59 of the Complaint.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

### Third Cause of Action
### (Violations of New York State Executive Law)

61. Restates its responses to the cross-referenced allegations.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Denies the allegations contained in Paragraph 63 of the Complaint.

64. Denies the allegations contained in Paragraph 64 of the Complaint.

65. Denies the allegations contained in Paragraph 65 of the Complaint.

66. Denies the allegations contained in Paragraph 66 of the Complaint.

67. Denies the allegations contained in Paragraph 67 of the Complaint.

68. Denies the allegations contained in Paragraph 68 of the Complaint.

69. Denies the allegations contained in Paragraph 69 of the Complaint.

70. Denies the allegations contained in Paragraph 70 of the Complaint.

## Fourth Cause of Action
### (Violations of Administrative Code of the City of New York)

71. Restates its responses to the cross-referenced allegations.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Avers that Paragraph 73 of the Complaint is comprised of legal conclusions for which no response is required.

74. Denies the allegations contained in Paragraph 74 of the Complaint.

75. Denies the allegations contained in Paragraph 75 of the Complaint.

76. Denies the allegations contained in Paragraph 76 of the Complaint.

77. Denies the allegations contained in Paragraph 77 of the Complaint.

78. Avers that the first sentence of Paragraph 78 of the Complaint is comprised of legal conclusions for which no response is required, and denies knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 78 of the Complaint.

79. Denies the allegations contained in Paragraph 79 of the Complaint.

80. Denies the allegations contained in Paragraph 80 of the Complaint.

81. Denies the allegations contained in Paragraph 81 of the Complaint.

82. Denies the allegations contained in Paragraph 82 of the Complaint.

83. Denies the allegations contained in Paragraph 83 of the Complaint.

84. Denies the allegations contained in Paragraph 84 of the Complaint.

85. Denies the allegations contained in Paragraph 85 of the Complaint.

2032288-1

86. Denies the allegations contained in Paragraph 86 of the Complaint.

## Fifth Cause of Action
### (Violation of New York State Civil Rights Law)

87. Restates its responses to the cross-referenced allegations.

88. Denies the allegations contained in Paragraph 88 of the Complaint.

89. Denies the allegations contained in Paragraph 89 of the Complaint.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

## Sixth Cause of Action
### (Common Law Negligence)

91. Restates its responses to the cross-referenced allegations.

92. Denies the allegations contained in Paragraph 92 of the Complaint.

93. Avers that the first sentence of Paragraph 93 of the Complaint is comprised of legal conclusions for which no response is required.

94. Denies the allegations contained in Paragraph 94 of the Complaint.

95. Denies the allegations contained in Paragraph 95 of the Complaint.

96. Denies the allegations contained in Paragraph 96 of the Complaint.

97. Denies the allegations contained in Paragraph 97 of the Complaint.

## Injunctive Relief

98. Denies the allegations contained in Paragraph 98 of the Complaint.

99. Denies the allegations contained in Paragraph 99 of the Complaint.

100. Denies the allegations contained in Paragraph 100 of the Complaint.

## Declaratory Relief

101. Denies the allegations contained in Paragraph 101 of the Complaint.

2032288-1

**Attorneys' Fees, Expenses, and Costs**

102.    Denies the allegations contained in Paragraph 102 of the Complaint.

**42ND APPLE'S AFFIRMATIVE DEFENSES**

42nd Apple alleges the following affirmative defenses to Plaintiff's claims alleged in the Complaint:

**First Affirmative Defense**

The Complaint fails to state a cause of action against 42nd Apple upon which relief may be granted.

**Second Affirmative Defense**

42nd Apple received no actual or constructive notice of any violations alleged in the Complaint.

**Third Affirmative Defense**

The modifications plaintiff demands are not reasonable or readily achievable.

**Fourth Affirmative Defense**

The modifications plaintiff demands would impose undue hardship and undue burden on 42nd Apple.

**Fifth Affirmative Defense**

The modifications plaintiff demands would fundamentally alter 42nd Apple's services and facilities.

**Sixth Affirmative Defense**

42nd Apple acted in good faith and/or its conduct was in conformity with all applicable statutes, governmental regulations, and industry standards during the time period at issue in the Complaint.

**Seventh Affirmative Defense**

42nd Apple has not denied access to plaintiff, or any person with her purported condition, to a service offered by a place of public accommodation.

**Eighth Affirmative Defense**

The 42nd Apple has not engaged in intentional discrimination with the accessibility of its facilities.

**Ninth Affirmative Defense**

To the extent 42nd Apple does not provide the accommodations as requested in the Complaint, effective methods of access and use are provided via reasonable and appropriate alternative means.

Dated: New York, New York
April 17, 2013

OLSHAN FROME  WOLOSKY LLP


By: /s/ Peter M. Sartorius
Thomas J. Fleming
Peter M. Sartorius
*Attorneys for Defendant 42nd Apple, LLC*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
tfleming@olshanlaw.com
psartorius@olshanlaw.com
(212) 451-2300