UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEDRA DE LA ROSA,<br><br>                    Plaintiff,<br><br>     v.<br><br>42ND APPLE LLC D/B/A APPLEBEES,<br>DAVE & BUSTERS OF NEW YORK, INC.,<br>AND FC 42ND STREET ASSOCIATES, L.P.,<br><br>                    Defendants. | Index No. 13-cv-1036 |

## ANSWER AND AFFIRMATIVE DEFENSES

DAVE & BUSTER'S OF NEW YORK, INC. ("Dave & Buster's") by and through its attorneys, Pryor Cashman, LLP, as and for its answer to the complaint filed in the above-captioned action (the "Complaint"), alleges as follows:

## NATURE OF THE CLAIMS

1.    Denies the allegations set forth in Paragraph 1 of the Complaint and leaves to the Court the determination of all questions of law.

2.    Denies the allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.    Denies the allegations set forth in Paragraph 3 of the Complaint and leaves to the Court the determination of all questions of law.

4.    Denies the allegations set forth in Paragraph 4 of the Complaint and leaves to the Court the determination of all questions of law.

## PARTIES

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint but admits that Dave & Buster's is licensed to conduct, and does conduct, business in New York State.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint but admits that Dave & Buster's operates and or leases property located at 234 West 42nd Street, New York, New York.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint except admits that Dave & Buster's has a written lease agreement with its landlord.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and leaves to the Court the determination of all questions of law.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and leaves to the Court the determination of all questions of law.

13.     Denies the allegations set forth in Paragraph 13 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and leaves to the Court the determination of questions of law.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     Denies the allegations set forth in Paragraph 20 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

21.     Denies the allegations set forth in Paragraph 21 of the Complaint as they pertain to Dave & Buster's,  denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 21 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

22.     Denies the allegations set forth in Paragraph 22 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

23.     Denies the allegations set forth in Paragraph 23 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

24.     Denies the allegations set forth in Paragraph 24 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.     Denies the allegations set forth in Paragraph 26 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint as they pertain to other parties or entities.

27.     Denies the allegations set forth in Paragraph 27 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 27 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32.     Dave & Buster's repeats and realleges its responses to Paragraphs 1-31 of this Answer as if fully set forth herein.

33.     Denies the allegations set forth in Paragraph 33 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

34.     Denies the allegations set forth in Paragraph 34 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

35.     Denies the allegations set forth in Paragraph 35 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

36.     Denies the allegations set forth in Paragraph 36 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

37.     Denies the allegations set forth in Paragraph 37 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint as they pertain to other parties or entities.

38.     Denies the allegations set forth in Paragraph 38 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

39.     Denies the allegations set forth in Paragraph 39 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

40.     Denies the allegations set forth in Paragraph 40 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 40 of the Complaint as they pertain to other parties or entities.

41.     Denies the allegations set forth in Paragraph 41 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

42.     Denies the allegations set forth in Paragraph 42 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

43.     Denies the allegations set forth in Paragraph 43 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint as they pertain to other parties or entities.

44.     Denies the allegations set forth in Paragraph 44 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint as they pertain to other parties or entities.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint, refers the Court to the ADA for the terms, conditions, provisions and meaning thereof and leaves to the Court the determination of questions of law.

46.     Denies the allegations set forth in Paragraph 46 of the Complaint and refers the Court to the ADA for the terms, conditions, provisions and meaning thereof.

47.     Denies the allegations set forth in Paragraph 47 of the Complaint and refers the Court to the ADA for the terms, conditions, provisions and meaning thereof.

48.     Denies the allegations set forth in Paragraph 48 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint as they pertain to other parties or entities and refers the Court to the ADA for the terms, conditions, provisions and meaning thereof.

49.     Denies the allegations set forth in Paragraph 49 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint as they pertain to other parties or entities.

50.     Denies the allegations set forth in Paragraph 50 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint as they pertain to other parties or entities.

51.     Denies the allegations set forth in Paragraph 51 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint as they pertain to other parties or entities.

52.     Denies the allegations set forth in Paragraph 52 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 52 of the Complaint as they pertain to other parties or entities.

53.     Denies the allegations set forth in Paragraph 53 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

54.     Denies the allegations set forth in Paragraph 54 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

55.     Denies the allegations set forth in Paragraph 55 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

56.     Denies the allegations set forth in Paragraph 56 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint as they pertain to other parties or entities, refers the Court to the ADA for the terms, conditions, provisions and meaning thereof, and leaves to the Court the determination of all questions of law.

57.     Denies the allegations set forth in Paragraph 57 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

58.     Denies the allegations set forth in Paragraph 58 of the Complaint, refers the Court to the Administrative Code for the terms, conditions, provisions and meaning thereof and leaves to the Court the determination of questions of law.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint.

60.     Denies the allegations set forth in Paragraph 60 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint as they pertain to other parties or entities.

61.     Repeats and re-alleges its responses to the allegations in Paragraphs 1-60 of this Answer as if fully set forth herein.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint and leaves to the Court the determination of questions of law.

63.     Denies the allegations set forth in Paragraph 63 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint as they pertain to other parties or entities.

64.     Denies the allegations set forth in Paragraph 64 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

65.     Denies the allegations set forth in Paragraph 65 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

66.     Denies the allegations set forth in Paragraph 66 of the Complaint as they pertain to Dave & Buster's, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint as they pertain to other parties or entities and leaves to the Court the determination of all questions of law.

67.     Denies the allegations set forth in Paragraph 67 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint as they pertain to other parties or entities.

68.     Denies the allegations set forth in Paragraph 68 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint as they pertain to other parties or entities.

69.     Denies the allegations set forth in Paragraph 69 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint as they pertain to other parties or entities.

70.     Denies the allegations set forth in Paragraph 70 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 70 of the Complaint as they pertain to other parties or entities.

71.     Repeats and re-alleges the allegations of Paragraphs 1-70 of this Answer as if fully set forth herein.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint and leaves to the Court the determination of questions of law.

73.     Denies the allegations set forth in Paragraph 73 of the Complaint and refers the Court to the Local Civil Rights Restoration Act of 2005 for the terms, conditions, provisions and meaning thereof.

74.     Denies the allegations set forth in Paragraph 74 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint as they pertain to other parties or entities.

75.     Denies the allegations set forth in Paragraph 75 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint as they pertain to other parties or entities.

76.     Denies the allegations set forth in Paragraph 76 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint as they pertain to other parties or entities.

77.    Denies the allegations set forth in Paragraph 77 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint as they pertain to other parties or entities.

78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint and refers the Court to the Administrative Code for the terms, conditions, provisions and meaning thereof.

79.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint.

80.    Denies the allegations set forth in Paragraph 80 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint as they pertain to other parties or entities.

81.    Denies the allegations set forth in Paragraph 81 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint as they pertain to other parties or entities.

82.    Denies the allegations set forth in Paragraph 82 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint as they pertain to other parties or entities.

83.    Denies the allegations set forth in Paragraph 83 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 83 of the Complaint as they pertain to other parties or entities.

84.     Denies the allegations set forth in Paragraph 84 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint as they pertain to other parties or entities.

85.     Denies the allegations set forth in Paragraph 85 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint as they pertain to other parties or entities.

86.     Denies the allegations set forth in Paragraph 86 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint as they pertain to other parties or entities.

87.     Repeats and re-alleges the allegations of Paragraphs 1-86 of this Answer as if fully set forth herein.

88.     Denies the allegations set forth in Paragraph 88 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint as they pertain to other parties or entities.

89.     Denies the allegations set forth in Paragraph 89 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 90 of the Complaint.

91.    Repeats and re-alleges the allegations of Paragraphs 1-90 of this Answer as if fully set forth herein.

92.    Denies the allegations set forth in Paragraph 92 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 of the Complaint as they pertain to other parties or entities.

93.    Denies the allegations set forth in Paragraph 93 of the Complaint and leaves to the Court the determination of question of law.

94.    Denies the allegations set forth in Paragraph 94 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 94 of the Complaint as they pertain to other parties or entities.

95.    Denies the allegations set forth in Paragraph 95 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 95 of the Complaint as they pertain to other parties or entities.

96.    Denies the allegations set forth in Paragraph 96 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 96 of the Complaint as they pertain to other parties or entities.

97.    Denies the allegations set forth in Paragraph 97 of the Complaint as they pertain to Dave & Buster's and denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 97 of the Complaint as they pertain to other parties or entities.

## INJUNCTIVE RELIEF

98.    Denies the allegations set forth in Paragraph 98 of the Complaint.

99.    Denies the allegations set forth in Paragraph 99 of the Complaint.

100.    Denies the allegations set forth in Paragraph 100 of the Complaint.

## DECLARATORY RELIEF

101.    Denies the allegations set forth in Paragraph 101 of the Complaint.

## ATTORNEYS' FEES, EXPENSES AND COSTS

102.    Denies the allegations set forth in Paragraph 102 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

103.    The complaint and each purported claim for relief therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

104.    The relief sought by plaintiff is barred by the statute of limitations and/or doctrines of laches, waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

105.    Plaintiff lacks standing to bring this action and, in the event Plaintiff has standing to bring her Complaint, Plaintiff lacks standing to challenge any alleged barriers to access that he did not specifically encounter and/or that are not barriers to him.

## FOURTH AFFIRMATIVE DEFENSE

106.    Plaintiff has failed to join all necessary parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

107.    Plaintiff has failed to exhaust all administrative remedies and is therefore not entitled to any relief.

## SIXTH AFFIRMATIVE DEFENSE

108.    Plaintiff has failed to provide Dave & Buster's the opportunity to cure the alleged violations.  Accordingly, Plaintiff is not entitled to recover attorneys' fees and the complaint

should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

109.     Plaintiff has demanded modifications to the properties at issue that are not readily achievable, are technically infeasible and/or structurally impossible, not required, or would create an undue burden on Dave & Buster's.

## EIGHTH AFFIRMATIVE DEFENSE

110.     In a manner that precludes the relief Plaintiff seeks, appropriate barrier removal plans will be instituted to eliminate existing architectural barriers on the premises at issue to the extent readily achievable.  Accordingly, the litigation instituted by Plaintiff cannot serve as a basis for attorneys' fees or injunctive relief in this action.

## NINTH AFFIRMATIVE DEFENSE

111.     The premises conforms with applicable building codes, ordinances and all other applicable and/or relevant laws.

## TENTH AFFIRMATIVE DEFENSE

112.     Plaintiff did not intend to shop at the premises or avail herself of the goods or services at the premises, but instead acted for the sole purpose of instituting a lawsuit.

## ELEVENTH AFFIRMATIVE DEFENSE

113.     Plaintiff has unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

114.     The modifications sought by Plaintiff would fundamentally alter the nature of the premises.

## THIRTEENTH AFFIRMATIVE DEFENSE

115.     Dave & Buster's has acted in good faith at all times and have not violated any

rights that may be available to Plaintiff under any applicable law, rule or regulation.

## FOURTEENTH AFFIRMATIVE DEFENSE

116.    Plaintiff is not entitled to attorneys' fees as she is not the prevailing party in this suit.

## FIFTEENTH AFFIRMATIVE DEFENSE

117.    Plaintiff failed to mitigate her damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

118.    Plaintiff and her attorneys have engaged in barratry and/or champerty and filed multiple lawsuits against various entities.

## SEVENTEENTH AFFIRMATIVE DEFENSE

119.    Plaintiff is not entitled to injunctive relief because she has failed to demonstrate an injury-in-fact or threat of real and imminent harm.

## EIGHTEENTH AFFIRMATIVE DEFENSE

120.    Plaintiff has failed to properly plead that she is disabled within the meaning of the law.

## NINETEENTH AFFIRMATIVE DEFENSE

121.    The Complaint is barred because the property at issue was built before the enactment of the ADA and the property is thus not subject to the ADA.

## TWENTIETH AFFIRMATIVE DEFENSE

122.    The Complaint must be dismissed because Plaintiff does not have a good faith intent to return to the subject property and patronize its facilities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

123.    The Complaint must be dismissed because any alleged violations of law, code,

rules and/or regulations were caused solely by parties other than Dave & Buster's.

## **ATTORNEYS' FEES**

Dave & Buster's has retained the law firm of Pryor Cashman LLC and has agreed to pay it a reasonable fee for its services.  Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, Dave & Buster's is entitled to recover its attorneys' fees and costs incurred in this action.

WHEREFORE, Dave & Buster's respectfully requests judgment as follows:

    (a)     dismissing the Complaint in its entirety with prejudice;

    (b)     awarding attorney's fees and costs to Dave & Buster's;

    (c)     granting such other and further relief as this Court deems just and proper.

Dated:  May 2, 2013
       New York, New York

                    PRYOR CASHMAN LLP

                    By:_/s/  Sarah E. Bell_____
                        James S. O'Brien, Jr.
                        Sarah E. Bell
                  7 Times Square
                  New York, New York 10036-6569
                  Tel: (212) 326-0401
                  Fax: (212) 798-6912
                  jobrien@pryorcashman.com
                  sbell@pryorcashman.com

                  *Attorneys for Dave & Buster's of New York, Inc.*